[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15979
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00504-JDW-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAURENANO ANGULO RIASCOS,
a.k.a. La L,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 16, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Laurenano Angulo Riascos appeals his 300-month sentence stemming from numerous convictions related to his involvement in a cocaine smuggling operation. Riascos argues for a variety of reasons that his sentence is substantively unreasonable because the district court failed to adequately consider the factors enumerated in 18 U.S.C. § 3553(a). He asks us to reduce his sentence by 60 months to a total of 240-months imprisonment. After review,[1] we affirm the district court's sentence.

Riascos, with a partner, was responsible for organizing and smuggling out of Colombia over 44-thousand kilograms of cocaine with an ample amount transported to the United States. In July of 2009, the United States Navy captured Riascos in open waters and returned him to Colombia. To secure Riascos' extradition, the United States Government, in a diplomatic note with Colombia, agreed that prosecutors would not seek or impose upon Riascos a sentence of life imprisonment.[2]

When reviewing a sentence for substantive reasonability, a sentence is substantively unreasonable if, considering the totality of the circumstances, the

---

[1] The reasonableness of a sentence is reviewed under a highly deferential abuse of discretion standard. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (citing *Gall v. United States*, 128 S. Ct. 586, 591 (2007)).

[2] Under the Sentencing Guidelines, Riascos' recommended sentence was life imprisonment. However, due to the diplomatic agreement, the district judge never considered life imprisonment as a viable option. Further, the record indicates the district judge was disinclined to sentence Riascos to life imprisonment based on a thorough contemplation of the § 3553(a) factors.

2

court weighed the § 3553(a) factors unreasonably and imposed a sentence that did not achieve the purposes of sentencing outlined in § 3553(a). *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The party challenging the sentence bears the burden of proving the sentence enforced was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Riascos first argues that his impoverished background and history as a hard-worker are mitigating factors, which should reduce his culpability under the "history and characteristics" prong of § 3553(a). *See* 18 U.S.C. 3553(a)(1). However, under that prong the district judge must also contemplate the "nature and circumstances" of the offenses. The record shows the district judge took into account both prongs of 18 U.S.C. § 3553(a)(1) and determined Riascos' transportation of upwards of $1 billion worth of cocaine and high-level organizational involvement were significant enough to warrant his 300-month sentence under the "nature and circumstances" element of the §3553(a) factors. *Id.*

Riascos next argues that, because he will be released after the age of 70, there is no need to protect the public. *See* 18 U.S.C. § 3553(a)(2)(C). The district judge took this into consideration and was within his discretion to reject the argument. *See United States v. Dowd*, 451 F.3d 1244, 1256-57 (11th Cir. 2006); *see also* U.S.S.G. § 5H1.1("while [a]ge may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment

3

such as home confinement might be equally efficient as and less costly than incarceration," age "is not ordinarily relevant in determining whether a departure is warranted"). Further, Riascos argues he received a sentence disparate to his co-conspirators. *See* 18 U.S.C. § 3553(a)(6). However, the other members of the drug smuggling operation were cooperative with law enforcement, which resulted in their downward variance. In fact, multiple co-conspirators were instrumental in the aid of Riascos' prosecution. Riascos' interaction with law enforcement bears little resemblance to his co-conspirators. For those reasons, Riascos did not receive a sentence incongruent to his counterparts.

Riascos argues his sentence was greater than necessary to promote the purposes of sentencing under § 3553(a). Riascos smuggled over $1 billion in cocaine and had a Sentencing Guidelines recommendation of life imprisonment. The district judge was well within his discretion to impose a 300-month sentence based on the totality of the circumstances. *See Irey*, 612 F.3d at 1189. Lastly, Riascos argues there were other types of sentences available, yet fails to state any more appropriate alternatives. *See* 18 U.S.C. § 3553(a)(3). Instead, Riascos conflates this contention by claiming his sentence violates the diplomatic agreement to not impose a life sentence because his 300-month sentence is tantamount to life. However, where a diplomatic agreement only excludes a life

4

sentence, a term of years is a permissible punishment. *See United States v. Corona-Verbera*, 509 F.3d 1105 (9th Cir. 2007).

The district judge did not abuse his discretion in sentencing Riascos to 300-months imprisonment. The district judge considered the § 3553(a) factors and made his reasoning clear in fashioning a sentence. Thus, Riascos failed to meet his burden of proving the sentence was unreasonable. Accordingly, we affirm Riascos's sentence.

**AFFIRMED.**